

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00070-CV

**IN THE INTEREST OF T.S.L.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-PA-00562
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
    Lori Massey Brissette, Justice
    H. Todd McCray, Justice

Delivered and Filed: July 22, 2026

AFFIRMED

Appellant Father appeals the trial court's order terminating his parental rights as an alleged father to T.S.L.[1] In his first issue, Father argues the trial court abused its discretion when it denied his oral motion for continuance asserted at the beginning of trial. In his second issue, Father argues there is insufficient evidence to support the trial court's finding that termination of his parental rights is in the child's best interest. We hold the trial court did not abuse its discretion when it denied the oral motion for continuance because the motion did not comply with the Texas Rules of Civil Procedure and because the case was nearing the mandatory dismissal date. We need not

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and we refer to the child using the child's initials or as "the child." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

address Father's second issue because there is an unchallenged ground for termination: Father's failure to acknowledge paternity of the child. Therefore, we affirm the trial court's termination order.

## BACKGROUND

The Department became involved in the underlying case when it received a referral that Mother was struggling with her mental health and the Department was concerned Mother was unable to protect and care for T.S.L. The Department was unable to locate Father when it was investigating the referral.

On April 8, 2024, the Department filed a petition seeking termination of Father's and Mother's parental rights to the child. Commendably, Mother completed all her services and has shown she can provide the child with a safe and loving environment. Therefore, the trial court ordered reunification between the child and Mother pursuant to a monitored return. The Department maintained its petition to terminate Father's parental rights. The trial court held a bench trial on January 5, 2026. The trial court heard testimony from Christine Stutts, the Department's removal investigator; Aleta Worden, the Department's caseworker; and Father.

On January 22, 2026, the trial court signed an order awarding Mother sole managing conservatorship of the child and terminating Father's parental rights to the child. The trial court terminated Father's parental rights for failure to acknowledge paternity pursuant to section 161.002(b)(3) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.002(b)(3). Alternatively, the trial court found termination of Father's parental rights was supported pursuant to statutory grounds (E), (L), and (P) in subsection 161.001(b)(1) of the family code. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(E), (L), (P). The trial court also found it was in the child's best interest to terminate Father's parental rights. *See id.* § 161.001(b)(2). Father appeals.

## BEST INTEREST

In his second issue, which we address first, Father argues the evidence is insufficient to support the trial court's finding that termination of his parental rights is in the child's best interest. The Department responds that we need not review the best interest finding because we should affirm the trial court's termination order on the independent, unchallenged ground that Father failed to assert or acknowledge paternity under subsection 161.002(b)(3) of the Texas Family Code. The trial court heard testimony that Father is an alleged Father who has not taken a DNA test to establish paternity and has not filed a notice of intent to claim paternity of the child in the Paternity Registry.[2] Father took the stand and testified he did not want to "judicially legitimate" his paternity, that is, he did not acknowledge his paternity under oath.

Subsection 161.002(b)(3) of the family code provides: "The rights of an alleged father may be terminated if . . . the child is under one year of age at the time the petition for termination of the parent-child relationship . . . is filed and he has not registered with the paternity registry under Chapter 160[.]" TEX. FAM. CODE 161.002(b)(3).[3]

On appeal, Father only challenges the trial court's finding that termination of his parental rights is in the child's best interest. However, termination based on a failure to assert or acknowledge paternity is an independent basis for termination that does not require a best interest finding. *See id.*; *In re S.J.R.-Z.*, 537 S.W.3d 677, 682 (Tex. App.—San Antonio 2017, pet. denied) (concluding termination for failure to legitimate paternity does not require proof that termination is in the child's best interest). "An appellant must challenge all independent bases or grounds that fully support a judgment or appealable order." *S.J.R.-Z.*, 537 S.W.3d at 682. "When a parent fails

---

[2] Upon the Department's request, the trial court took judicial notice that the certificate of paternity registry search was filed in the clerk's record.

[3] Although the trial court's order finds termination under subsections 161.001(b)(2) and (3), the record reflects the child was under one year of age at the time the Department filed its petition seeking termination.

to challenge on appeal an independent ground for termination of parental rights, the appellate court accepts the validity of the unchallenged ground and affirms on that basis without examining the sufficiency of the evidence to support the challenged ground." *In re A.A.T.*, No. 04-21-00270-CV, 2021 WL 6127926, at *1 (Tex. App.—San Antonio Dec. 29, 2021, no pet.). By failing to challenge the trial court's finding that Father failed to file an admission of paternity or otherwise acknowledge his paternity of the child, Father has failed to challenge each independent ground for termination. *See S.J.R.-Z.*, 537 S.W.3d at 682. As such, we must accept the unchallenged finding supporting termination as true and affirm the trial court's termination order under the unchallenged ground. *See id.* Because termination based on a failure to assert or acknowledge paternity does not require a finding that termination is in the child's best interest, we need not address Father's second issue contending there was insufficient evidence supporting the trial court's finding that termination was not in the child's best interest. *See id.* at 683.

Accordingly, Father's second issue is overruled.

### MOTION FOR CONTINUANCE

In his first issue, Father contends the trial court abused its discretion when it denied his oral motion for continuance. Father, who had been incarcerated during the entire pendency of the case, announced "not ready" at trial. Father asserted he would be eligible for parole in November 2026 and requested the trial court continue the trial to allow Father more time to complete services. The trial court denied the "not ready" announcement. On appeal, Father treats the "not ready" announcement as a motion for continuance; therefore, we will as well. *See In re R.F. III*, 423 S.W.3d 486, 489–90 (Tex. App.—San Antonio 2014, no pet.) (interpreting Father's "not ready" announcement as a motion for continuance).

We review the trial court's denial of a motion for continuance for an abuse of discretion. *See id.* The trial court abuses its discretion if it rules "without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Id.* (quoting *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)).

We cannot conclude the trial court acted arbitrarily or without any guiding rules and principles. First, the rules of civil procedure provide a motion for continuance should not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. "A trial court is presumed to have correctly exercised its discretion when it denies a motion that does not comply with the requirements of Rule 251 of the Texas Rules of Civil Procedure, including [when the motion is] not made in writing, verified, or supported by an affidavit." *R.F. III*, 423 S.W.3d at 490. Here, Father did not file a written motion for continuance that was verified or supported by affidavit, and Father does not argue that the continuance was required by operation of law.

Second, the record reflects the trial court was concerned with how long the case had been pending. Specifically, the trial court stated the child was less than three years old at the time of trial and the case had been pending for nearly two years. The goal of establishing a stable, permanent home for a child is a compelling government interest that may justify the trial court's denial of a motion for continuance in a parental termination case. *See In re J.R.R.*, No. 04-22-00076-CV, 2022 WL 3047099, at \*2 (Tex. App.—San Antonio Aug. 3, 2022, no pet.) (mem. op.) (concluding the trial court did not abuse its discretion when it denied a motion for continuance when the motion did not comply with Rule 251 and permanency for the children in a parental termination case justified the denial).

Finally, it is clear from the context of the record that the trial court was concerned it would lose jurisdiction in a week if it did not commence the trial. On April 8, 2024, the Department filed a petition seeking termination of parental rights, and the trial court rendered an order appointing the Department as temporary managing conservator of the child that same day. Thus, the one-year automatic dismissal date was April 8, 2025. *See* TEX. FAM. CODE ANN. § 263.401(a) (providing the trial court loses jurisdiction over a suit by the Department seeking termination of parental rights one year after the trial court renders a temporary order appointing the Department as temporary managing conservator of the child). On January 27, 2025, the trial court signed an order extending the automatic dismissal date to October 11, 2025. *See id.* § 263.401(b) (providing the trial court may extend the automatic dismissal date by 180 days based on findings that extraordinary circumstances necessitate the child remaining in the Department's care and that the appointment of the Department as temporary managing conservatorship is in the child's best interest). On July 16, 2025, the trial court ordered a monitored return of the child to Mother, thereby extending the automatic dismissal date by another 180 days to January 12, 2026. *See id.* § 263.403 (providing the automatic dismissal date may be extended for an additional 180 days if the trial court orders a monitored return of the child to a parent and finds that retaining jurisdiction is in the child's best interest). Then, trial was set for January 5, 2026. The trial court acknowledged that, under the automatic dismissal statutes, it would lose jurisdiction over the case in one week if it did not commence the trial. If the trial court were to grant the continuance, the trial court would lose jurisdiction over the case and it would be automatically dismissed.

We cannot conclude the trial court abused its discretion when it denied Father's oral motion for continuance. Father's motion did not comply with Rule 251's requirements, a continuance would delay permanency for the child, and the trial court would be divested of jurisdiction if it

granted the motion for continuance. *See R.F. III*, 423 S.W.3d at 490; *J.R.R.*, 2022 WL 3047099, at *2; *In re J.P.H.*, No. 04-23-00131-CV, 2023 WL 5280376, at *8 (Tex. App.—San Antonio Aug. 16, 2023, pet. denied).

Accordingly, Father's first issue is overruled.

## CONCLUSION

We affirm the trial court's termination order.

Irene Rios, Justice